UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CANFORNAV INC.,

    Plaintiff,                                    Civil Action No. 19-CV-11906

vs.                                         HON. BERNARD A. FRIEDMAN

TDE GROUP USA INC.,

    Defendant.
_____/

## OPINION AND ORDER GRANTING
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is presently before the Court on plaintiff's motion for judgment on the pleadings or for summary judgment [docket entry 14].  Defendant has not responded, and the time for it to do so has expired.  Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.  For the reasons stated below, the Court shall grant the motion.

This is an admiralty action in which plaintiff seeks to confirm a foreign arbitration award.  Plaintiff Canfornav Inc. ("Canfornav") is an international shipping company, organized in Barbados and with its principal place of business in Montreal.  Compl. ¶ 2.  At the direction of defendant TDE Group USA Inc. ("TDE"), a Michigan company, plaintiff transported a shipload of salt from Egypt to Toledo, Ohio.  *Id.* ¶ 9.  Plaintiff incurred demurrage charges in Egypt and in Toledo and, under the parties' contract, defendant was obligated to reimburse plaintiff for those charges.  When defendant failed to do so, plaintiff demanded that the matter be arbitrated.  An arbitrator in London decided the matter in plaintiff's favor in the amount of $43,020.83 "together with compound interest thereon at a rate of 5% per annum compounded at three monthly rests from 15th March 2019 until the date of payment."  *Id.* Ex. 3 at 8.  The

arbitrator also ordered that defendant pay arbitration costs in the amount of 3,000 British pounds, together with the same rate of interest as on the award itself.

Plaintiff seeks an order confirming the arbitration award. Plaintiff is entitled to this relief under the Federal Arbitration Act "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."[1] 9 U.S.C.A. § 207. Under Article V of the Convention, confirmation of an arbitration award may be avoided only under specific grounds.[2] Further, "[t]he party opposing enforcement has the

---

[1] The "Convention" is "The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958." 9 U.S.C.A. § 201.

[2] Article V states:

> 1. Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that:
>
> (a) The parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or
>
> (b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or
>
> (c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or

burden of proving the existence of one of these enumerated defenses." *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 313 (2d Cir. 1998). *See also Mediso Med. Equip. Developing Servs., Ltd v. Bioscan, Inc.*, 75 F. Supp. 3d 359, 363 (D.D.C. 2014) (noting that "the party opposing the award's enforcement submits 'proof' to the court that the award or underlying agreement were in certain respects improper").

In the present case, as noted, defendant has not responded to the instant motion. It has therefore failed to meet its burden to submit proof demonstrating that the arbitration award should not be confirmed. Plaintiff is therefore entitled to summary judgment on this claim.

Plaintiff also seeks summary judgment on its breach of contract claim. This claim is based on defendant's alleged failure to indemnify plaintiff for $8,001.39 in other demurrage charges it incurred in Egypt in shipping the salt to defendant. A copy of defendant's Letter of

---

(d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or

(e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

2. Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that:

(a) The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or

(b) The recognition or enforcement of the award would be contrary to the public policy of that country.

Available at: http://www.newyorkconvention.org/english (last visited May 15, 2020).

Indemnity is attached to the complaint as Ex. 4.  Defendant agreed "to defend, indemnify, and hold harmless *Canfornav* from and against any claims, liability, loss, damage, or expense of whatever nature which *Canfornav* may sustain by reason of delivering the cargo . . . ."  This agreement appears plainly to apply to the charges plaintiff incurred in shipping defendant's salt.  And by failing to respond to the instant motion, this fact is deemed undisputed.  *See* Fed. R. Civ. P. 56(e)(2).

For these reasons, the Court concludes that plaintiff is entitled to summary judgment on both of its claims.  Accordingly,

IT IS ORDERED that plaintiff's motion for summary judgment is granted as to both Count I and Count II.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: May 18, 2020
Detroit, Michigan